UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Comfort Plus Health Care, Inc.,

      Plaintiff,

v.                                                                         Civ. No. 04-4963 (JNE/JGL)
                                                                          ORDER

Commissioner of Internal Revenue Service,

      Defendant.

Patrick C. Nwaneri, Esq., Nwaneri & Associates, P.L.L.C., appeared for Plaintiff Comfort Plus Health Care, Inc.

Michael R. Pahl, Esq., United States Department of Justice, appeared for Defendant Commissioner of Internal Revenue Service.

Comfort Plus Health Care, Inc. (Comfort Plus) brought this action against the Commissioner of Internal Revenue Service (IRS) to obtain judicial review of a determination of an IRS Appeals Officer (AO).[1] The case is before the Court on Comfort Plus's motions to remand the case to the IRS for further administrative proceedings, for a preliminary injunction, and for a new hearing to consider newly discovered evidence, and on the IRS's motions for summary judgment and to strike exhibits. For the reasons set forth below, the Court denies Comfort Plus's motions and grants the IRS's motions.

## I.     BACKGROUND

Comfort Plus is engaged in the business of providing in-home health care. Comfort Plus claims that two employees engaged in fraudulent activities from 1998 to 2002 that cost Comfort Plus approximately $400,000. Comfort Plus contends that these losses caused it to unintentionally default in payment of federal employment taxes.

---

[1]     The Court has jurisdiction over this matter pursuant to 26 U.S.C. § 6330(d)(1)(B) (2000).

1

On March 15, 2004, the IRS served Comfort Plus with a Notice of Intent to Levy. In a letter dated March 30, 2004, the IRS claimed that Comfort Plus owed taxes and penalties totaling more than $400,000. In that letter, the IRS also indicated the possibility of abating penalties by correcting certain tax forms, but noted that it had not received any amended returns. The IRS also indicated that it would not consider a payment agreement because Comfort Plus had defaulted on two payment agreements, "continued to pyramid" tax liability, was not staying current with its Federal tax deposits, and appeared to be insolvent. On April 16, 2004, the IRS filed a Notice of Federal Tax Lien.

Comfort Plus exercised its right to a collection-due-process (CDP) hearing under 26 U.S.C. § 6330 (2000), which provides for the right to a hearing before a levy may be made on any property or right to property. The evidence before the AO included the IRS Transcripts of assessments and payments (Transcripts) and a spreadsheet submitted by Comfort Plus entitled "Tax Analysis & Reconciliation." Comfort Plus claims the latter was prepared by its accountant and demonstrates a tax liability of approximately $123,000. Comfort Plus did not provide the AO any underlying documentation to support its tax analysis. In a Notice of Determination dated November 30, 2004, the AO found that the filing of the Notice of Federal Tax Lien and Notice of Intent to Levy were appropriate.

On December 8, 2004, Comfort Plus filed this action to obtain judicial review of the Notice of Determination. In its Complaint, Comfort Plus claims (1) that the IRS wrongfully determined that it owes taxes and penalties totaling more than $400,000, (2) that it is entitled to abatement of penalties because its failure to pay was due to reasonable cause, and (3) that the IRS wrongfully denied Comfort Plus other relief it sought, such as an offer-in-compromise and an installment plan.

## II. DISCUSSION

A. **Comfort Plus's motion for preliminary injunction**

On May 26, 2005, Comfort Plus withdrew its initial motions for a temporary restraining order and a preliminary injunction. On June 13, 2005, Comfort Plus filed an "Urgent Motion for Preliminary Injunction." The motion seeks to restrain the IRS from levying on or seizing any property of Comfort Plus, enforcing any collection action against Comfort Plus, closing down Comfort Plus's business, or compelling Comfort Plus to declare bankruptcy pursuant to any Federal Tax Lien, pending the determination of this suit.

The Anti-Injunction Act provides in relevant part:

> Except as provided . . . no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court by any person, whether or not such person is the person against whom such tax was assessed.

26 U.S.C. § 7421(a) (2000). "The manifest purpose of § 7421 is to permit the United States to assess and collect taxes alleged to be due without judicial intervention, and to require that the legal right to the disputed sums be determined in a suit for a refund." *Enochs v. William Packing & Navigation Co.*, 370 U.S. 1, 7-8 (1962). However, "if it is clear that under no circumstances could the Government ultimately prevail" and "equity jurisdiction otherwise exists," collection may be enjoined. *Id*. As discussed below, a review of the administrative record reveals that the IRS has a chance of ultimately prevailing. In fact, the IRS is entitled to summary judgment on Comfort Plus's claims. Therefore, the Court denies Comfort Plus's request for injunctive relief pursuant to the Anti-Injunction Act.[2]

---

[2] The Court is troubled by Comfort Plus's decision to file a second motion for a preliminary injunction in light of the fact that counsel for Comfort Plus withdrew Comfort Plus's initial motions for injunctive relief in the face of the IRS's assertion that the Anti-Injunction Act applied.

**B.    Motion to strike**

The IRS moves to strike three exhibits on which Comfort Plus relies, specifically Comfort Plus's fraud audit summary report and the felony guilty plea petitions of two former employees. Because these exhibits were not part of the administrative record, the IRS argues they are outside of the scope of this Court's review. Comfort Plus has submitted no evidence demonstrating that these exhibits were part of the administrative record. In fact, its own exhibits appear to demonstrate otherwise. In addition, the IRS has submitted the sworn declaration of Michael R. Pahl, wherein Pahl states that the above documents were not part of the administrative record. Because the Court's review is limited to the administrative record, *see Hart v. United States*, 291 F. Supp. 2d 635, 642 (N.D. Ohio 2003), the Court strikes the exhibits.

**C.    Motions to remand and for summary judgment**

Comfort Plus asks the Court to remand the Notice of Determination to the IRS for a new appeal hearing because (1) the AO was not impartial, (2) the AO failed to make an adequate record of the administrative proceedings so as to damage Comfort Plus's right to judicial review, and (3) the AO did not consider whether the proposed collection action balances the need for efficient collection of taxes with the taxpayer's legitimate concern that the action be no more intrusive than necessary. The Court reviews the validity of tax assessments de novo and other AO determinations for an abuse of discretion. *See Borchardt v. Comm'r of Internal Revenue*, 338 F. Supp. 2d 1040, 1043 (D. Minn. 2004).

The IRS opposes Comfort Plus's motion to remand and also moves for summary judgment. Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a

matter of law." Fed. R. Civ. P. 56(c). The moving party "bears the initial responsibility of informing the district court of the basis for its motion," and must identify "those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). If the moving party satisfies its burden, Rule 56(e) requires the nonmoving party to respond by submitting evidentiary materials that designate "specific facts showing that there is a genuine issue for trial." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). In determining whether summary judgment is appropriate, a court must look at the record and any inferences to be drawn from it in the light most favorable to the nonmoving party. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 255 (1986).

*1.    Jurisdiction*

As a threshold matter, the IRS contends that the Court lacks jurisdiction to consider Comfort Plus's allegations regarding tax liability for periods that it did not request a CDP hearing within 30 days of the Notice of Intent to Levy, as required by 26 U.S.C. § 6330. It is undisputed that Comfort Plus did not request a hearing within the required time for certain quarters of unpaid employment taxes, which are set forth in Exhibit O attached to the Complaint. Accordingly, the Court lacks subject-matter jurisdiction over any disputes regarding these quarters. *See Living Care Alternatives of Utica v. United States*, 312 F. Supp. 2d 929, 932 (S.D. Ohio 2004). Nevertheless, because Comfort Plus's allegations are not quarter-specific, the Court still must address all issues raised by Comfort Plus.

*2.    Impartial appeals officer*

Comfort Plus argues that this case must be remanded to the IRS for a second CDP hearing because the AO was not impartial. In support of its argument, Comfort Plus relies

5

exclusively on a letter sent to Comfort Plus by the AO on August 27, 2004, after Comfort Plus requested a CDP hearing. The August 27, 2004 letter reads in relevant part:

> Your request for a Collection due Process hearing has been referred to Appeals for consideration. In reviewing your case, I see that the IRS has filed multiple Notices of Federal Tax Lien and issued multiple Notices of Intent to Levy and you disagree with these actions. . . .
>
> To give you an idea of how the Collection Due Process works, I've enclosed an Appeals Orientation Guide that explains the Appeals process. In short, my role as an Appeals Settlement Officer is to:
>
> **1. Verify that the IRS complied with all legal and administrative procedures.**
>
> My review of your case file indicates that the proper procedures were followed in filing the Notices of Federal tax Lien and issuing the Notices of Intent to Levy. The Revenue Officer advised the taxpayer of his Power of Attorney of the pending actions. These actions were undertaken due to noncompliance of the business.

Comfort Plus claims that the language used in the letter demonstrates that the AO violated the statute's impartiality mandate by substantively reviewing the matter prior to the hearing.

Section 6330(b)(3) requires that the CDP hearing "be conducted by an officer or employee who has had no prior involvement with respect to the unpaid tax . . . before the first hearing." The statute does not define the meaning of "prior involvement." At least one court has noted that certain text following IRS Treasury Regulation § 301.6330-1T explains:

> Prior involvement by an employee or officer of Appeals includes participation or involvement in an Appeals hearing (other than a CDP hearing held under either section 6320 or section 6330) that the taxpayer may have had with respect to the tax and the tax period shown on the CDP notice.

*See MRCA Info. Servs. v. United States*, 145 F. Supp. 2d 194, 200 (D. Conn. 2000).

Based on the record, there is no evidence that the AO in this case had the type of prior "involvement with respect to the unpaid tax" that is contemplated by the statute. While the AO reviewed the status, arguments, and procedural requirements of Comfort Plus's file prior to the

hearing, there is no evidence that the AO had any prior involvement in the determination of the amount of taxes owed or played any substantive role in a prior hearing other than the CDP hearing held under section 6330. Comfort Plus maintains that the AO must not prepare for the hearing by reading the file, but instead must come to the hearing *tabula rasa*. The Court notes the distinction between preparation and impartiality and rejects the argument. Accordingly, the Court denies the motion to remand insofar as Comfort Plus asserts the AO was not impartial.

3.   *Failure to create an adequate record*

Comfort Plus argues that the AO's decision contains insufficient information for meaningful judicial review on several issues and asks the Court to remand the matter for a new CDP hearing. The IRS, on the other hand, contends that the AO's decision contains enough information to permit judicial review and moves for summary judgment on the disposition of these issues.

   *a.   Challenge to tax owed*

In its Complaint, Comfort Plus challenges the amount of tax and penalties owed. Specifically, Comfort Plus contends that the AO failed to credit overpayments. The parties dispute the standard of review. According to Comfort Plus, this portion of the AO's decision should be reviewed de novo. The IRS argues that because Comfort Plus's claim centers on its assertion that the AO failed to properly credit Comfort Plus's tax payments, this decision is reviewed for an abuse of discretion.

The Complaint does not determine the nature or extent of this review of the Notice of Determination. Instead, the scope of the Court's review under section 6330(d) is limited to issues properly raised and considered during the CDP hearing. *See Living Care*, 312 F. Supp. 2d at 934. The record shows that the validity of the underlying taxes was not at issue before the

AO. Instead, the AO considered and rejected Comfort Plus's claim that the IRS failed to credit overpayments. Therefore, the Court will review the AO's determination as to the amount of tax and penalties owed for an abuse of discretion.

The IRS asserts that the Transcripts reflect that Comfort Plus owes approximately $468,000. Comfort Plus does not dispute that the Transcripts reflect that amount. Based on its own spreadsheets, Comfort Plus contends it owes less money because the IRS failed to properly credit various overpayments. Comfort Plus also claims that the AO failed to point out what makes the Transcripts correct and failed to disprove the accuracy of Comfort Plus's spreadsheets. At the CDP hearing, however, Comfort Plus did not present any underlying evidence of the payments it contends were not credited. Instead, Comfort Plus relied on its spreadsheets without any indication that the accountant who prepared the spreadsheets had personal knowledge of any failure on the part of the IRS to credit overpayments.

IRS Certificates of Assessments and Payments are sufficient to establish the validity of federal tax assessments. *United States v. Gerards*, 999 F.2d 1255, 1256 (8th Cir. 1993); *United States v. Langert*, 902 F. Supp. 999, 1002 (D. Minn. 1995). The AO reviewed Comfort Plus's spreadsheets and determined that they contained numerous errors. In addition, the AO noted that he reviewed the records and found no lost payments or outstanding credit balances. Because Comfort Plus failed to bring forth competent underlying evidence to dispute the Transcripts, such as checks or federal tax deposits not credited, the Court concludes that the AO did not abuse his discretion in determining that the Transcripts accurately set forth the tax owed. In addition, the Court finds that the AO's decision contains sufficient information for judicial review. Therefore,

8

the Court denies Comfort Plus's motion to remand and grants the IRS's motion for summary judgment on this issue.[3]

  *b. Abatement of penalties*

Comfort Plus also challenges the AO's decision not to abate penalties or interest on the ground that Comfort Plus had "reasonable cause" for its failure to pay employment tax. Specifically, Comfort Plus claims that the fraud of its two employees account for the existence of the alleged deficiency in some trust fund taxes. The Court reviews the AO's determination as to the appropriateness of the collection activity for abuse of discretion.

The IRS is authorized to abate certain penalties upon a showing of reasonable cause by the taxpayer. *See* 26 U.S.C. § 6651 (2000). The Code of Federal Regulations sets forth the standards a taxpayer must meet to demonstrate reasonable cause for failure to pay taxes:

> A failure to pay will be considered to be due to reasonable cause to the extent that the taxpayer has made a satisfactory showing that he exercised ordinary business care and prudence in providing for payment of his tax liability and was nevertheless either unable to pay the tax or would suffer an undue hardship . . . if he paid on the due date. . . . A taxpayer will be considered to have exercised ordinary business care and prudence if he made reasonable efforts to conserve sufficient assets in marketable form to satisfy his tax liability and nevertheless was unable to pay all or a portion of the tax when it became due.

26 C.F.R. § 301.6651-1.

In his August 27, 2004, letter to Comfort Plus, the AO explained in detail the requirements for a proper request for penalty relief. For example, the AO explained that Comfort Plus must identify specific payments for which it seeks relief and that it must pay the tax due before the IRS will abate a penalty for failure to pay for reasonable cause. The AO also

---

[3]  The Court notes that the result would be the same under the less deferential de novo standard of review. This is because, as explained above, there is nothing in the administrative record to support Comfort Plus's claim that it owed less money than the amount reflected in the Transcripts.

9

informed Comfort Plus that the IRS would examine its compliance history to determine overall payment patterns. In the Notice of Determination, the AO noted that both the Revenue Officer and the Settlement Officer gave Comfort Plus specific instructions on how to prepare and perfect a request for penalty abatement. The AO also noted that Comfort Plus neither prepared nor perfected such a request. In addition, the record contains no evidence that Comfort Plus could have paid its taxes but for the employee embezzlement. Finally, the AO noted that Comfort Plus still owed back taxes and that the Transcripts demonstrated Comfort Plus's history of failing to comply with employment tax obligations.

For these reasons, the Court finds that the AO did not abuse his discretion in determining that Comfort Plus's penalties and interest should not be abated and, therefore, grants the IRS's motion for summary judgment on this issue. In addition, the Court finds that the AO's decision contains sufficient information on the issue of abatement of penalties to allow for judicial review and, therefore, denies Comfort Plus's motion to remand.

   *c.*  *Rejecting an offer-in-compromise or installment plan*

Comfort Plus asserts that the AO abused his discretion by failing to consider alternate collection methods, including an offer-in-compromise or installment plan. The IRS is authorized to enter into installment agreements if it determines that the agreement will facilitate collection of the liability. 26 U.S.C. § 6159(a) (2000). The IRS has the discretion to accept or reject any proposed installment agreement. 26 C.F.R. § 301.6159-1(b).

In the Notice of Determination, the AO noted that Comfort Plus failed to prepare the required form for a written offer-in-compromise. In addition, the AO explained that the starting point for an Offer in Compromise is the tax due and noted that Comfort Plus had only offered "five cents on the dollar." The AO also explained that Comfort Plus's offer to pay installments

10

of $1,000 per month was wholly inadequate in light of its total balance due. Finally, the AO noted that "no documentation has been provided that would support the abatement of the civil penalties." Comfort Plus claims, without citation to any authority, that the IRS's failure to counter-offer was improper. Comfort Plus further contends that the IRS's primary basis for rejecting an offer-in-compromise or installment plan was an erroneous belief that Comfort Plus was not current on its second quarter 2004 payments.

The Court finds that the AO's decision contains sufficient information for judicial review and denies Comfort Plus's motion to remand. Moreover, even if Comfort Plus is correct in claiming that it was current on its 2004 taxes, there is an adequate basis for the AO's determination that Comfort Plus did not meet all of the requirements of an offer-in-compromise. *See MRCA Info. Servs.*, 145 F. Supp. 2d at 199 (explaining the task of the court is not to determine whether in its opinion an installment agreement would be appropriate, but to determine whether there is an adequate basis in law for the AO's decision). Therefore, the Court finds that the AO did not abuse his discretion in rejecting an offer-in-compromise or installment agreement. Accordingly, the Court grants the IRS's motion for summary judgment on this issue.

4.  *Balancing need for efficient collection of taxes with the taxpayer's legitimate concern that the action be no more intrusive than necessary.*

The AO, in making his determination, must consider "whether any proposed collection action balances the need for the efficient collection of taxes with the legitimate concern of the person that any collection action be no more intrusive than necessary." 26 U.S.C. § 6330(c)(3). Comfort Plus claims that the AO failed to perform this balancing because he did not consider certain hardships Comfort Plus would suffer if forced to make full and immediate payment of its past taxes due. Comfort Plus also argues that the AO failed to consider that Comfort Plus is "current in its payment of taxes due for the current year."

In a nearly four-page, single-spaced decision, the AO set out the history and present status of Comfort Plus's tax problems that led to the CDP hearing, which Comfort Plus participated in via telephone. The AO presented and addressed the individual issues raised by Comfort Plus, concluded that the full balance was legally due and owing, and noted that Comfort Plus had neglected or refused to pay. The AO also concluded that the Notice of Federal Tax Lien balances the efficient collection of taxes with Comfort Plus's concern that the collection be no more intrusive than necessary. In light of the facts and circumstances in the record, the Court finds that the AO did not fail to perform the required balancing. Accordingly, the Court denies Comfort Plus's motion to remand. In addition, the Court concludes that the decision to enforce the federal tax lien in this case was not an abuse of discretion.

5.   *Assessment of penalties for failure to pay tax for second quarter of 2004*

In the Notice of Determination, the AO concluded that Comfort Plus "failed to make proper federal tax deposits in the proper amounts by the proper deadlines." Comfort Plus claims, based on the post-Notice of Determination affidavit testimony of its CEO, that it was current on its taxes for the second quarter of 2004. However, Comfort Plus did not provide the AO any underlying documentation to support this assertion prior to the AO's decision. Comfort Plus also asserts that the AO abused his discretion in determining that a penalty was properly assessed for Comfort Plus's failure to pay tax for the second quarter of 2004 because the AO refused to allow Comfort Plus additional time to resolve the dispute with the IRS Service Center before making his decision. There is no record evidence that Comfort Plus requested additional time. In addition, Comfort Plus does not cite to any authority requiring an AO to delay collection for the stated grounds. Accordingly, the Court finds that the AO did not abuse his discretion in

determining that Comfort Plus failed to timely pay its second quarter 2004 taxes and grants the IRS's motion for summary judgment on this issue.

**D.     Comfort Plus's motion for new hearing to consider newly discovered evidence**

Comfort Plus argues it has newly discovered evidence that demonstrates the IRS failed to forward to the AO documents that reveal employee embezzlement. According to Comfort Plus, the embezzlement caused it to default on its tax payments. Comfort Plus also asserts that this evidence implicitly reveals that the AO did not address the issue of embezzlement and, for that reason, the decision should be remanded.

The documents identified by Comfort Plus are a "fraud audit summary" and the felony guilty plea petitions of two former employees. After reviewing these documents, the Court finds that consideration of these documents would not alter the outcome of the case. The "fraud audit summary" was apparently prepared by, or on behalf of, Comfort Plus and, like its "Tax Analysis & Reconciliation" spreadsheets, is not supported by any underlying documentation. In addition, neither the "fraud audit summary" nor the guilty pleas establish that Comfort Plus could have paid its taxes but for employee embezzlement. Accordingly, the Court denies Comfort Plus's motion for a new hearing to consider newly discovered evidence.

### III. CONCLUSION

Based on the files, records, and proceedings herein, and for the reasons stated above, IT IS ORDERED THAT:

1. Comfort Plus's Amended Motion to Remand Administrative Decision [Docket No. 14] is DENIED.

2. Comfort Plus's Urgent Motion for Preliminary Injunction [Docket No. 41] is DENIED.

3. IRS's Motion for Summary Judgment [Docket No. 21] is GRANTED.

4. IRS's Motion to Strike [Docket No. 35] is GRANTED.

5. Comfort Plus's Motion for a New Hearing to Consider Newly Discovered Evidence Prior to Judgment [Docket No. 44] is DENIED.

6. Comfort Plus's Complaint [Docket No. 1] is DISMISSED WITH PREJUDICE.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: July 14, 2005

Ss/ Joan N. Ericksen<br>JOAN N. ERICKSEN<br>United States District Judge